IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERALD LAMAR FRYAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-07-140-F |
| ) | |
| THOMAS C. PETERSON, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Respondent has filed a response to which Petitioner has replied. Thus, the matter is at issue. For the following reasons, it is recommended that the petition be denied.

BACKGROUND

By this action, Petitioner challenges his conviction by a jury for escaping from the Department of Corrections, after former conviction of two or more felonies and to which he was sentenced to ten years imprisonment. Case No. CF-2004-33, District Court of Jefferson County.[1] Petition, p. 2.[2] Petitioner filed a direct appeal and as noted in note 1, the Oklahoma Court of Criminal Appeals modified his sentence but otherwise affirmed

---

[1]The jury which convicted Petitioner assessed his punishment at 20 years imprisonment and the trial court followed that recommendation. However, on direct appeal, the Oklahoma Court of Criminal Appeals modified Petitioner's sentence to ten years imprisonment. Summary Opinion, Case No. F-2004-1217, Oklahoma Court of Criminal Appeals, Ex. 2 to Response.

[2]The page numbers used are the pre-printed numbers at the top of the petition. Thus, page 2 is actually page 1 of the petition.

the conviction. Summary Opinion, Case No. F-2004-1217, Oklahoma Court of Criminal Appeals, Ex. 2 to Response. On April 21, 2006, Petitioner filed an application for post-conviction relief, but the trial court denied the application on June 20, 2006. Brief in Support of Petition-in-Error, p. 2, Case No. PC-2006-762, Ex. 4 to Response. Petitioner appealed from the denial, but the Oklahoma Court of Criminal Appeals affirmed on August 18, 2006. Case No. PC-2006-762, Oklahoma Court of Criminal Appeals, Ex. 3 to Response. In his sole ground for relief, Petitioner contends that his sentence is excessive as he did not commit any crimes during his escape and simply walked away from a community work center. Petition, p. 6. He also contends that the offense of which he was convicted carries a sentence of two to seven years and that his sentence could not be enhanced by Oklahoma's habitual offender statute. Id.

The Respondent responds that while Petitioner raised a claim on direct appeal that his sentence was excessive, he did so on the sole basis that the sentence was disproportionate to the facts and circumstances of his offense. Response, p. 3. Respondent further states that Petitioner did not raise a claim that his sentence was improperly enhanced in his post-conviction relief application. Response, p. 3. Thus, Respondent contends that Petitioner's argument that his sentence is excessive because it cannot be enhanced under Oklahoma's general enhancement statute is unexhausted. Response, p. 2. The Respondent asserts that the Oklahoma courts would now find the claim barred and thus he asks the Court to find that Petitioner is procedurally barred from habeas review. Response, pp. 2-4. Respondent also notes that Petitioner's claim presents only a state law issue and thus should be denied. Response, pp. 4-5.

In reply, Petitioner appears to assert ineffective assistance of counsel as cause for not raising his claim that his sentence could not be enhanced under Oklahoma's general enhancement statute before the Oklahoma courts.  Reply, pp. 1-2.

## DISCUSSION

A state prisoner must exhaust state court remedies before filing a petition for federal habeas relief.  28 U.S.C. § 2254(b)(1).  State court remedies are exhausted if "a state appellate court has had the opportunity to rule on the same claim presented in federal court" or if, at the time the habeas petition is filed, there is "no available state avenue of redress."  Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (citations and quotations omitted); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). The exhaustion requirement is satisfied if the issues have been fairly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack.  See Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999); see also Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989).  "Fair presentation of a prisoner's claim to the state courts means that the substance of the claim must be raised there."  Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (internal quotation omitted).  A habeas petitioner bears the burden to show that state court remedies have been exhausted.  Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

To the extent that Petitioner claims that his sentence is excessive as being disproportionate to the facts and circumstances of his offense, the claim has been

exhausted. In fact, as noted, the Oklahoma Court of Criminal Appeals modified Petitioner's sentence on direct appeal on this basis. However, to the extent Petitioner claims that his sentence is excessive because it cannot be enhanced under Oklahoma's general enhancement statute, the undersigned agrees with Respondent that the claim is unexhausted. However, the undersigned finds that Petitioner's claim lacks merit regardless of how it is considered and therefore it is recommended that the petition be denied on the merits rather than dismissed for failure to exhaust state court remedies. See Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002) (clarifying that courts may consider the merits of unexhausted claims); see also Snow v. Sirmons, 474 F.3d 693, 717 (10th Cir. 2007) (noting that procedural bars need not be considered when habeas petition may be readily dismissed on merits).

Under Oklahoma law, the punishment range for an inmate who has been found guilty of escaping from the custody of the Oklahoma Department of Corrections is two to seven years imprisonment. Okla. Stat. tit. 21 § 443(B). However, if the inmate has felony convictions for offenses other than for the offense for which he was serving imprisonment at the time of the escape, the previous felony convictions may be used to enhance punishment. Okla. Stat. tit. 21 § 443(D). See also Snyder v. State, 806 P.2d 652, 654 (Okla. Crim. App. 1989) (noting that an escape sentence may be enhanced by convictions other than a conviction for which the escapee was confined.). Under Oklahoma's general enhancement statute, a person with two or more prior felony convictions is subject to imprisonment for a term in the range of three times the minimum term for a first time offender up to life imprisonment. Okla. Stat. tit. 21 §

51.1(C). Thus, as Petitioner admitted to three prior felony convictions at trial, he faced a sentence of six years to life on conviction. Summary Opinion, p. 1, n.1, F-2004-1217, Oklahoma Court of Criminal Appeals, Ex. 2 to Response.[3]

The Eighth Amendment requires that a sentence not be disproportionate to the crime committed. Solem v. Helm, 463 U.S. 277, 284 (1983). However, on habeas review, federal courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000) (citations omitted). Further, a claim that the sentence is so grossly disproportionate as to violate the Eighth Amendment, is rarely successful in noncapital habeas cases. Hawkins v. Hargett, 200 F.3d 1279, 1281 (10th Cir. 1999). From the discussion above, it is clear that Petitioner's original twenty year sentence as well as his modified ten year sentence are well within the statutory limits and are authorized by Oklahoma law. Therefore, Petitioner's claim, that his sentence is excessive as it exceeds the sentence permitted by Oklahoma law is without merit. Further, the undersigned finds that it is not so disproportionate to the crime to cause constitutional concerns.

RECOMMENDATION

As Petitioner has failed to present a meritorious claim for federal habeas relief, it is recommended that the petition for a writ of habeas corpus [Doc. No. 5] be **DENIED**.

---

[3]Petitioner admitted to four prior felony convictions at trial, with only one of those convictions being one for which he was incarcerated at the time of his escape. Jury Trial Transcript, November 22, 2004, pp. 36-37.

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by July 6, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 15th of June, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE